Hobish v AXA Equit. Life Ins. Co. (2019 NY Slip Op 02653)





Hobish v AXA Equit. Life Ins. Co.


2019 NY Slip Op 02653


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Richter, J.P., Tom, Kahn, Moulton, JJ.


8932 650315/17

[*1]Richard Hobish, etc., et al., Plaintiffs-Respondents,
v
AXA Equitable Life Insurance Company Defendant-Appellant.


Milbank, Tweed, Hadley & McCloy LLP, New York (Robert C. Hora of counsel), for appellant.
Constantine Cannon LLP, New York (Gary J. Malone of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about February 8, 2018, which, to the extent appealed from, denied defendant's motion to dismiss plaintiffs' General Business Law § 349 claim, unanimously affirmed, without costs.
The complaint sufficiently alleges that defendant's purported deceptive conduct, allegedly misleading elderly consumers into believing that they would not be targeted for premium increases, and subsequently substantially increasing such premiums, impacted plaintiff Toby Hobish's estate planning by forcing her to surrender the face value of the policy purchased from defendant. This injury is distinct from injuries sustained by her trust, and thus sufficient to confer standing upon her to assert a General Business Law § 349 claim (see North State Autobahn, Inc. v Progressive Ins. Group. Co., 102 AD3d 5, 16 [2d Dept 2012]).
Given that plaintiff has alleged both a monetary loss stemming from defendant's deceptive practices and an independent loss derived from defendant's failure to deliver contracted for services, we agree with the motion court that the General Business Law claim is not duplicative of plaintiffs' breach of contract claim.
The complaint also sufficiently alleges deception. It contends that the policy at issue does not define the term "a given class," the group for which defendant is contractually permitted to raise insurance rates. It also asserts that the policy does not address whether, when, or how an insured person can be reclassified. Finally, it asserts that defendant targeted elderly individuals and raised their premiums to a degree that they were forced to surrender their insurance. Such collective conduct meets the standard for deception, because the insurer's acts were "likely to mislead a reasonable consumer acting reasonably under the circumstances" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26 [1995]; see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK